Case 7:23-cr-00523   Document 1   Filed on 04/05/23 in TXSD   Page 1 of 6

United States Courts
Southern District of Texas
FILED
*April 05, 2023*
Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| v. | § § | **Criminal No.** M-23-523 |
| **VICTOR CANALES** | § § | |

**SEALED INDICTMENT**

**THE GRAND JURY CHARGES:**

**Introduction**

At all times material to this Indictment,

1. A County Attorney in the State of Texas represents the state in the justice of the peace and county courts, defend suits in which the county is interested, and serves as legal advisor to county and precinct officials.

2. A County Attorney in the State of Texas has the duty to represent the State of Texas in prosecuting misdemeanor criminal cases.

3. Starr County is a governmental entity receiving more than $10,000 in federal program funds, from calendar year 2017 until calendar year 2021.

4. From on or about January 1, 2005, until on or about April 20, 2022, Defendant Victor Canales was the elected Starr County Attorney, Texas.

5. As the elected Starr County Attorney Victor Canales had the authority to collect fines, and fees, and to choose to prosecute or not prosecute certain offenses.

5. Victor Canales maintained personal banking accounts at Lonestar National Bank and Rio Bank, McAllen, Texas.

6. Victor Canales would convert funds destined for the Starr County's Attorney's Office for fines and fees, by requesting payment in cash or money orders, and then depositing the cash or money orders into his personal accounts.

7. Victor Canales maintained sole signatory authority over the Starr County Attorney's Bank Account.

## Count One
## 18 U.S.C. Sec. 1952 – Travel Act

From on or about January 2017, to on or about December of 2021, in the Southern District of Texas, the Defendant

**VICTOR CANALES**

knowingly and willfully did use and cause to be used a facility in interstate and foreign commerce namely a bank, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely bribery, and extortion in violation of the laws of the State of Texas and the United States, namely, Texas Penal Code Section 36.02 and Title 18, United States Code, Sections 666 and 1951. Defendant thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment, and carrying on of the above unlawful activity.

In violation of Title 18, United States Code, Section 1952(a)(3).

## Count Two
## 18 U.S.C. Sec. 666(a)(1)(A)
## (Federal Program Theft)

From on or about January 2018, to on or about December of 2018, in the Southern District of Texas, the Defendant

**VICTOR CANALES**

did embezzle, steal, obtain by fraud, without authority convert to the use of a person that is not the rightful owner, and intentionally misapplied property worth at least $5,000, that was owned by, under the care of, under the custody of, or under the control of the Starr County Attorney's Office, an agency of Starr County, a local government, that received benefits in excess of $10,000 pursuant to a Federal program involving a grant, contract, subsidy, loan guarantee, or other form of Federal assistance during 2018.

In violation of Title 18, United States Code, Section 666(a)(1)(A).

### Count Three
### 18 U.S.C. Sec. 666(a)(1)(A)
### (Federal Program Theft)

From on or about January 2019, to on or about December of 2019, in the Southern District of Texas, the Defendant

### VICTOR CANALES

did embezzle, steal, obtain by fraud, without authority convert to the use of a person that is not the rightful owner, and intentionally misapplied property worth at least $5,000 that was owned by, under the care of, under the custody of, or under the control of the Starr County Attorney's Office, an agency of Starr County, a local government, that received benefits in excess of $10,000 pursuant to a Federal program involving a grant, contract, subsidy, loan guarantee, or other form of Federal assistance during 2019.

In violation of Title 18, United States Code, Section 666(a)(1)(A).

### Count Four
### U.S.C. Sec. 666(a)(1)(A)
### (Federal Program Theft)

From on or about January 2020, to on or about December of 2020, in the Southern District of Texas, the Defendant

### VICTOR CANALES

did embezzle, steal, obtain by fraud, without authority convert to the use of a person that is not the rightful owner, and intentionally misapplied property worth at least $5,000, that was owned by, under the care of, under the custody of, or under the control of the Starr County Attorney's Office, an agency of Starr County, a local government, that received benefits in excess of $10,000 pursuant to a Federal program involving a grant, contract, subsidy, loan guarantee, or other form of Federal assistance during 2019.

In violation of Title 18, United States Code, Section 666(a)(1)(A).

### Count Five
### 18 U.S.C. Sec. 666(a)(1)(A)
### (Federal Program Theft)

From on or about January 2021, to on or about December of 2021, in the Southern District of Texas, the Defendant

**VICTOR CANALES**

did embezzle, steal, obtain by fraud, without authority convert to the use of a person that is not the rightful owner, and intentionally misapplied property worth at least $5,000, that was owned by, under the care of, under the custody of, or under the control of the Starr County Attorney's Office, an agency of Starr County, a local government, that received benefits in excess of $10,000 pursuant to a Federal program involving a grant, contract, subsidy, loan guarantee, or other form of Federal assistance during 2021.

In violation of Title 18, United States Code, Section 666(a)(1)(A).

### Count Six
### 18 U.S.C. Sec. 1951
### (Hobbs Act Extortion Under Color of Official Right)

On or about July 6, 2021 in the Southern District of Texas, the Defendant

**VICTOR CANALES**

did knowingly obstruct, delay, and affect or attempt to obstruct, delay, and affect in any way and degree commerce and the movement of articles and commodities in commerce by extortion, as said term is defined in Title 18, United States Code, Section 1951, that is, Defendant obtained property not due to the Defendant from COA with COA'S consent, under color of official right.

In violation of Title 18, United States Code, Section 1951.

### Count Seven
### 18 U.S.C. Sec. 1951
### (Hobbs Act Extortion Under Color of Official Right)

On or about September 2, 2021 in the Southern District of Texas, the Defendant

**VICTOR CANALES**

did knowingly obstruct, delay, and affect or attempt to obstruct, delay, and affect in any way and degree commerce and the movement of articles and commodities in commerce by extortion, as said term is defined in Title 18, United States Code, Section 1951, that is Defendant obtained property not due to the Defendant from FLV with FLV's consent, under color of official right.

In violation of Title 18, United States Code, Section 1951.

## Count Eight
## 18 U.S.C. Sec. 1951
## (Hobbs Act Extortion Under Color of Official Right)

From on or about September 3, 2021, until on or about September 7, 2021 in the Southern District of Texas, the Defendant

**VICTOR CANALES**

did knowingly obstruct, delay, and affect or attempt to obstruct, delay, and affect in any way and degree commerce and the movement of articles and commodities in commerce by extortion, as said term is defined in Title 18, United States Code, Section 1951, that is Defendant obtained property not due to the Defendant from JVO with JVO's consent, under color of official right.

In violation of Title 18, United States Code, Section 1951.

## Count Nine
## 18 U.S.C. Sec. 1951
## (Hobbs Act Extortion Under Color of Official Right)

On or about October 4, 2021, in the Southern District of Texas, the Defendant

**VICTOR CANALES**

did knowingly obstruct, delay, and affect or attempt to obstruct, delay, and affect in any way and degree commerce and the movement of articles and commodities in commerce by extortion, as said term is defined in Title 18, United States Code, Section 1951, that is Defendant obtained property not due to the Defendant from LG with LG's consent, under color of official right.

In violation of Title 18, United States Code, Section 1951.

A TRUE BILL

FOREPERSON

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

_Patricia Cook Profit_
ASSISTANT UNITED STATES ATTORNEY